SEL/RPO/sas          09/29/08          08-201          #21683

| STATE OF ILLINOIS | ) |
|---|---|
| | ) SS. |
| COUNTY OF COOK | ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JEUNG-HEE PARK, Individually, and as )
Special Administrator of the Estate of )
HIROYUKI JOHO, Deceased, )
 )
               Plaintiff, )
 )
v. )   No.: 2008L010762
 )   CALENDAR/ROOM A
NATIONAL RAILROAD PASSENGER )   TIME 00:00
CORPORATION, a Foreign Corporation, and )   Railroad FELA
NORTHEAST ILLINOIS REGIONAL COMMUTER )
RAILROAD CORPORATION, a Corporation )
 )
               Defendants. )

### COMPLAINT AT LAW

Plaintiff, JEUNG-HEE, Individually and as Special Administrator of the Estate of HIROYUKI JOHO, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a foreign corporation (Hereinafter: AMTRAK) and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, a Corporation (Hereinafter: METRA), states as follows:

### COUNT I - AMTRAK - NEGLIGENCE - WRONGFUL DEATH

1. On and prior to September 13, 2008, Defendant, AMTRAK, was a railroad corporation, duly organized and existing to transact business in the County of Cook and State of Illinois, and was so doing business.

2. On and prior to September 13, 2008, Defendant, AMTRAK, was in possession of, and operated upon, certain railway tracks that were owned, managed

1



and maintained by defendant METRA, a passenger train and locomotive, AMTRAK train #330, which traversed said tracks and intersected certain public highways.

3. On and prior to September 13, 2008, Defendant, AMTRAK, by and through its duly authorized agents, servants and/or employees operated its passenger train and locomotive, in a southbound direction, towards, intending to pass through, a passenger boarding station commonly known as the Edgebrook station.

4. On September 13, 2008, Plaintiff's decedent, HIROYUKI JOHO, Deceased, was an invitee at the aforesaid boarding station, walking across the northbound tracks, on a designated pedestrian crosswalk, in a westerly direction, intending to board a southbound METRA operated commuter train.

5. At the time and place aforesaid, the defendant AMTRAK was a common carrier, owing a high duty of care to its passengers and invitees.

6. On or about September 13, 2008, Defendant, AMTRAK, by and through its duly authorized agents, servants and/or employees, was negligent in one or more of the following ways:

    a. failed to operate it's train at a safe and reasonable speed as it approached and passed through the Edgebrook station under the prevailing circumstances;

    b. failed to adequately warn pedestrians and invitees on or near the boarding platforms and adjoining walkways of it's train's impending approach and speed under the prevailing circumstances;

    c. failed to keep a proper lookout for invitees and pedestrians approaching and crossing designated crosswalk areas under the prevailing circumstances;

7. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, AMTRAK, Plaintiffs Decedent, HIROYUKI JOHO, Deceased, sustained injuries which resulted in his death on September 13, 2008.

8. That Plaintiff's Decedent, HIROYUKI, Deceased, left surviving: CERTAIN HEIRS AND NEXT OF KIN all of whom have suffered loss of support,

society, companionship, love, affection, protection and consortium.

9. Plaintiff, JEUNG-HEE PARK, Individually and as Special Administrator of the Estate of HIROYUKI JOHO, Deceased, brings this action under the Wrongful Death Act, 740ILCS 18011 and 180/2 having been appointed on September 29, 2008.

WHEREFORE, Plaintiff JEUNG-HEE PARK, individually and as Special Administrator of the Estate of HIROYUKI JOHO, deceased, demands judgment against Defendant, AMTRAK in a sum in excess of $50,000.00 DOLLARS, plus costs.

## COUNT II - METRA - NEGLIGENCE - WRONGFUL DEATH

1. On and prior to September 13, 2008, Defendant, METRA, was a corporation, duly authorized to transact business in the County of Cook and State of Illinois, and was so doing business.

2. On and prior to September 13, 2008, Defendant, METRA, owned, controlled, operated, and managed and maintained, and was possessed with right-of-way for certain railroad tracks and adjacent roadway, passenger boarding stations and passenger crosswalks, all of which, excepting it's tracks and track roadway, it held out as open to the public and invited persons to enter upon, within the County of Cook, State of Illinois.

3. On and prior to September 13, 2008, Defendant, METRA, by and through its duly authorized agents, servants and/or employees, operated certain passenger trains and locomotives, in a southbound direction, towards, and intending to stop at, a passenger boarding station commonly known as the Edgebrook station.

4. On and prior to September 13, 2008, Defendant, METRA, allowed and suffered AMTRAK to operate it's passenger trains and locomotive, in a southbound direction, towards, intending to pass through, a passenger boarding station commonly known as the Edgebrook station.

5. On September 13, 2008, Plaintiffs decedent, HIROYUKI JOHO, Deceased, was an invitee at the aforesaid boarding station, walking across the northbound tracks, on a designated pedestrian crosswalk, in a westerly direction, intending to board a southbound METRA operated commuter train.

6. At the time and place aforesaid, the defendant METRA was a common carrier, owing a high duty of care to its passengers and invitees. Additionally, by virtue of it's ownership and control of the train tracks, METRA owed a duty to exercise ordinary care while allowing AMTRAK trains to use it's tracks.

7. On or about September 13, 2008, and prior thereto, Defendant, METRA, by and through its duly authorized agents, servants and/or employees, was negligent in one or more of the following ways:

    a. allowed and suffered AMTRAK trains to pass through it's commuter stations unabated and at dangerously high speeds without warning;

    b. created and allowed to exist the hazardous and unreasonably dangerous condition whereby persons attempting to board METRA trains had no knowledge of advancing AMTRAK trains;

    c. failed to provide any warning or notice of the likelihood of AMTRAK trains approaching and passing through commuter boarding stations at high unabated speeds;

    d. failed to require AMTRAK agents and employees to provide adequate warning and notice of the advance and approach of AMTRAK trains to METRA passengers.

8. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, AMTRAK, Plaintiffs Decedent, HIROYUKI JOHO, Deceased, sustained injuries which resulted in his death on September 13, 2008.

9. That Plaintiffs Decedent, HIROYUKI, Deceased, left surviving: CERTAIN HEIRS AND NEXT OF KIN all of whom have suffered loss of support, society, companionship, love, affection, protection and consortium.

10. Plaintiff, JEUNG-HEE PARK, Individually and as Special Administrator of the Estate of HIROYUKI JOHO, Deceased, brings this action under the Wrongful Death Act, 740ILCS 180/1 and 180/2 having been appointed on September 29, 2009.

WHEREFORE, Plaintiff, JEUNGHEE PARK, Individually and as Special Administrator of the Estate of HIROYUKI JOHO, Deceased, demands judgment against Defendant, METRA, a corporation, in a sum in excess of $50,000.00 DOLLARS, plus costs.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
Attorneys for the Plaintiff

By: _____
ROY P. OLSON

SUSAN E. LOGGANS & ASSOCIATES P.C.
33 North LaSalle Street, Ste. 1710
Chicago, IL 60602
(312) 201-8600

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF ____COOK____ COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JEUNG-HEE PARK, Individually and as Special
Administrator of the Estate of
HIROYUKI JOHO, Deceased,
)
)
Plaintiff(s), )
)
vs )
NATIONAL RAILROAD PASSENGER CORPORATION, a Foreign ) NO.
Corporation and NORTHEAST ILLINOIS REGIONAL )
COMMUTER RAILROAD CORPORATION, a Corporation. )
)
Defendant(s) )

## RULE 222 AFFIDAVIT

I/We, ____JEUNG-HEE PARK____, being first duly sworn on oath depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.
2. The total money damages sought in the above cause of action will exceed the amount of $50,000.

X *Jeung-Hee Park* (signature)

SUBSCRIBED AND SWORN to before me
This __29__ day of September, 2008.

*(signature)*
NOTARY PUBLIC

Official Seal
Sally A Stendardo
Notary Public State of Illinois
My Commission Expires 03/03/2012

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 1710
Chicago, IL 60602
312-201-8600
#21683